EDWARD R. KASSON, Sheriff, &c. *plaintiff in error, vs.* THE
PEOPLE, *ex rel.* Peter Rease, *defendant in error.*

For a joint trespass, committed by two persons, the party injured has his
election to prosecute both in one action, or to sue them separately; and
in the latter case, provided he recovers, he has the further election *de
melioribus damnis.*

If he elects to sue the wrong doers separately, and recovers in both actions,
and sues out an execution upon one of the judgments, upon which the
defendant is committed to jail, and then the assignee of both judgments
gives a written direction to the sheriff to discharge that defendant from
custody, the imprisonment of such defendant and his discharge therefrom,
by the assignee, will operate to discharge not only the judgment upon
which such defendant was charged in execution, but also the judgment
against the other joint trespasser; and the remedy upon both judgments
is gone.

In such a case the plaintiff in the judgments is entitled to but one satisfac-
tion for the injury he has sustained by the trespass committed by the
defendants in the two judgments; and that he has, by the imprisonment
of one of them, and discharging him therefrom.

CERTIORARI to the county judge of Steuben county.
On the 28th day of May, 1861, Michael Rightenburgh
duly recovered a judgment against Alfred J. Gilbert, in an
action brought before J. S. Robinson, Esq. a justice of the
peace, for $101.88 damages and costs. On the 14th day of
June, 1861, the said Rightenburgh duly recovered a judg-
ment against Peter Rease in another action, before the same
justice of the peace, for $90.13 damages and costs. The
two actions were brought against Gilbert and Rease separately,
for a trespass committed by them. The said two judgments
were duly assigned to Julius H. Gilbert, prior to the 29th of
June, 1861. On the 26th of June, 1861, Alfred J. Gilbert
was imprisoned in the jail of Steuben county, by virtue of an
execution issued upon the judgment against him. On the
29th day of June, 1861, Alfred J. Gilbert requested Julius
H. Gilbert to consent that he be discharged from the jail, to
which Julius H. Gilbert consented, in consideration of a
written agreement then made and delivered by Alfred J.
Gilbert to him, by which he promised to pay said judgment

against him, and agreed that his "discharge from jail should not affect the force or validity of said judgment, or prejudice the right of the said Julius H. Gilbert to enforce or collect the same by execution or otherwise." Thereupon the said Alfred J. Gilbert was released by the sheriff from jail. On the 5th day of April, 1862, an execution was issued by the said justice upon the judgment against Rease, in due form, authorizing and directing any constable to arrest and convey said Rease to jail, in case property could not be found by the constable, to satisfy the same. By virtue of this execution Rease was, on the 12th of April 1861, arrested by a constable, and conveyed to jail, and there imprisoned. Rease continued in the custody of the keeper of said jail until the 14th of April, 1862, when he was brought before Hon. W. Barnes, county judge of said county, by virtue of a wit of *habeas corpus,* allowed by him, to inquire into the cause of the imprisonment of said Rease. The writ was allowed upon the petition of Rease. On the same day E. R. Kasson, the sheriff, in obedience to the command of the writ of *habeas corpus,* brought Rease before the said county judge and made return thereto. The said sheriff and Julius H. Gilbert also appeared before the county judge, and resisted the discharge. At the close of the proofs, they moved that Rease be remanded by the judge, on the grounds: 1. That it appeared that he was detained in custody by virtue of an execution issued on a final judgment of a court of competent jurisdiction. 2. That the judgment upon which the execution issued having been duly rendered, and the execution being regular on its face, the inquiry, for the purposes of that proceeding, could not go back of the time of issuing such execution, to determine whether it was null and void or not. 3. That upon the return of the sheriff to the writ of *habeas corpus,* and upon the facts appearing on the hearing, the prisoner was not entitled to be discharged from custody. The judge denied the motion, and the sheriff and said Julius H. Gilbert by their counsel respectively excepted. Thereupon the county

judge found and decided as conclusions of law, from the facts so appearing :

1. That whether the said judgment against the prisoner was in any manner discharged or satisfied, prior to the issuing of said execution thereon, was a proper question of inquiry in the proceeding before said county judge, notwithstanding the judgment was duly rendered and the execution regular on its face.

2. That the discharge of Alfred J. Gilbert, with the consent of Julius H. Gilbert, from the custody of the sheriff, where he was detained by virtue of the said execution issued upon the judgment recovered against him, operated as, and was, a satisfaction and discharge of the judgment, although such consent was given by Julius H. Gilbert in consideration of the written agreement executed and delivered to him by said Alfred J. Gilbert.

3. That although the said agreement of Alfred J. Gilbert was voluntarily made and delivered by him while in custody, for the purpose of procuring the consent and direction of Julius H. Gilbert to his discharge, and such consent and direction were thereupon given, such agreement could not defeat the satisfaction and discharge of the judgment.

4. That the discharge of Alfred J. Gilbert from his imprisonment, with the consent of Julius H. Gilbert, being a voluntary discharge by the latter, operated as a satisfaction and discharge of the judgment against Rease, and therefore the imprisonment of said Rease by virtue of the execution issued upon the judgment against him, was illegal.

To these several conclusions of law the said sheriff and Julius H. Gilbert, by their counsel, respectively excepted.

Thereupon the county judge made an order directing that said Rease be discharged from custody, and the sheriff brought this writ of certiorari, to review the decision.

*Bradley & Kendall*, for the plaintiff in error. I. The discharge of Alfred J. Gilbert from imprisonment did not

operate as a satisfaction of the judgment against Peter Rease. 1. Nothing short of payment or satisfaction in fact, of the judgment, would do that. (*Sunderland* v. *Loder*, 5 *Wend.* 59.) 2. At common law, imprisonment itself was a satisfaction and discharge of the judgment upon which the *ca. sa.* issued, as against the party in custody. (*Chapman* v. *Hatt*, 11 *Wend.* 41. *Cooper* v. *Bigelow*, 1 *Cowen*, 56.) The effect of the imprisonment of a judgment debtor upon execution has not been changed or affected by the statute. The imprisonment still operates as a satisfaction of the judgment, as against the imprisoned debtor, while he remains in custody. (*Chapman* v. *Hatt*, 11 *Wend.* 41. *Sunderland* v. *Loder*, 5 *id.* 58, 60. *Wakeman* v. *Lyon*, 9 *id.* 241. *Jackson* v. *Benedict*, 13 *John.* 533.) The statute simply puts life into the judgment again, as against the judgment debtor, in case he is discharged from custody, pursuant to the provisions of the statute. The discharge of a judgment debtor from custody by the consent of the creditor, has no greater or different effect than the continued custody of the debtor. In either case, the judgment is deemed satisfied, as to him. But such imprisonment of one of several judgment debtors in the same judgment, at common law did not and does not now, operate as a satisfaction, as to the others, and they might and may be arrested on execution issued upon the same judgment; notwithstanding the previous arrest and continued imprisonment of the one. (*Chapman* v. *Hatt, supra. Sunderland* v. *Loder, supra.*) It is therefore submitted that, although the discharge from custody of one of several judgment debtors in the same judgment, by the consent of the creditor, operates as a satisfaction, as to him, it can not have the effect to discharge the others, or relieve them from liability to arrest, unless they occupy the relation of sureties to the one so arrested and discharged.

II. A release of one of several persons who are severally and not jointly liable (where the relation of principal and surety does not exist) does not operate as a discharge of the

others. (*The Bank of Poughkeepsie* v. *Ibbotson*, 5 *Hill*, 461.) When judgments were recovered against Gilbert and Rease separately, they ceased to be jointly liable, and then became severally liable, simply. And if the discharge of Gilbert from custody released him, it would not operate as a release of Rease. The right of either of them could not be affected by a release of the other, as no contribution could be compelled.

III. But the judgment against Gilbert was not satisfied or discharged by his release from custody. 1. His agreement, in consideration of which he procured the consent of the owner of the judgment that he be released from custody, saved the judgment, and continued its validity. 2. The consent whereby this party was released from custody was a good consideration for this agreement, and the agreement is in no manner illegal. 3. And the relator has no reason to complain of the release. His rights were not impaired by it. The county judge therefore erred in his conclusion that this agreement did not defeat the satisfaction and discharge of the judgment against Gilbert.

IV. The relator had no right to prosecute the writ of *habeas corpus*, and the county judge erred in his refusal to remand him, on the motion made therefor. 1. The relator was committed and detained by virtue of an execution issued upon a final judgment of a competent tribunal, and the case came within the exception of the statute. (*R. S. part* 3, *ch.* 9, *title* 1, §§ 22, 40.) And when it appeared that the execution was in due form, and issued upon a final judgment duly rendered, it became the duty of the judge to remand the prisoner, without further inquiry. (*Cable* v. *Cooper*, 15 *John*. 152. *Bank of the U. S.* v. *Jenkins*, 18 *id*. 305. *The People* v. *Cassels*, 5 *Hill*, 164. *In the matter of Prime*, 1 *Barb*. 345.) The farthest that the judge could go was to inquire whether any cause had arisen since the commitment of the relator, for putting an end to his imprisonment. (*The People* v. *Cassels*, *supra*.)

The decision and order of the county judge should be reversed, and the recommitment of the relator ordered.

*Geo T. Spencer*, for the defendant in error. I. The two judgments having been for the same cause of action—a joint trespass—satisfaction of the one operated as a satisfaction of the other, equally as if a joint judgment had been rendered against them, therefor. (*Mathews* v. *Lawrence*, 1 *Denio*, 212. *Livingston* v. *Bishop*, 1 *John.* 290.)

II. The discharge of the defendant Gilbert from imprisonment on the execution against him, by direction of the judgment creditor, was a satisfaction of the judgment. (*Powers* v. *Wilson*, 7 *Cowen*, 274. *Lathrop* v. *Briggs*, 8 *id.* 171. *Ransom* v. *Keyes*, 9 *id.* 128. *Poucher* v. *Holly*, 3 *Wend.* 184. *Yates* v. *Van Rensselaer*, 5 *John.* 364.)

III. And it makes no difference that the execution debtor stipulated that the discharge should not affect the judgment nor any remedies on the same. (*Yates* v. *Van Rensselaer*, 5 *John.* 364.)

IV. Although the execution upon which the defendant was arrested was regular upon its face, it was competent and proper for him to show that the judgment on which it issued was satisfied. (2 *R. S. 5th. ed.* 887, § 56. *The People* v. *McLeod*, 1 *Hill*, 377.)

*By the Court*, WELLES, J. The two judgments in favor of Rightenburgh, one of which was against Alfred J. Gilbert, and the other against the relator, Peter Rease, were for one and the same trespass, and Rightenburgh had his election to prosecute both in one action, or to sue them separately; and in the latter case, provided he recovered, he had the further election *de melioribus damnis*. He elected to sue them separately, and recovered in both actions. He also elected to sue out execution upon the judgment against Gilbert, upon which the latter was commited to jail on the 25th of June, 1861. On the 29th of the same month Julius H. Gilbert,

who had become the assignee of both judgments, gave a written direction to the sheriff to discharge Alfred J. Gilbert from custody, in consideration of an agreement at the same time entered into by the latter to pay the judgment against him, and that his discharge from imprisonment should not affect the form or validity of the judgment, or prejudice the right of said Julius to enforce or collect the same by execution or otherwise.

It can not be doubted that this imprisonment of Gilbert and discharge therefrom by the assignee and owner of the judgments, operated to satisfy and discharge the one upon which the former was charged in execution. (*Lathrop* v. *Briggs,* 8 *Cowen,* 171. *Powers* v. *Wilson,* 7 *id.* 274, *and authorities there cited.*) If the assignee of the judgments had any remedy left against A. J. Gilbert, it was under the agreement of 29th June, 1861.

If the judgment had been in one action against the defendants in both actions, for the same trespass, and one only had been charged in execution and afterwards discharged therefrom, by order of the plaintiff therein, or his assignee, the effect would have been the same. The judgment would in that case have been discharged, and no remedy could afterwards have been had, upon it. (*Chapman* v. *Hatt and others,* 11 *Wend.* 41. *Bingham on Judg. and Ex.* 206. *Clark* v. *Clement and English,* 6 *T. R.* 525.) That here were two actions; and a recovery in each, for the same trespass, does not vary the principle. The discharge by the plaintiff of the defendant from imprisonment on an execution issued against him, discharges the judgment against the defendant in the other judgment. The plaintiff in the judgments was entitled to but one satisfaction for the injury he had sustained by the trespass committed by the defendants in the two judgments, and that he has had, by the imprisonment of Gilbert, and discharging him therefrom. It is quite true that originally he had the right to imprison the relator as well as Gilbert, to satisfy his damages, but having chosen

to charge the former in execution, and to discharge him from imprisonment, his remedy on both judgments was gone. It was equivalent in the eye of the law, to payment by Gilbert of the judgment against him. And in a similar case it was held by the court, in *Livingston* v. *Bishop*, (1 *John.* 289,) that the defendants in the other judgment were discharged, upon payment of the costs of the judgment in the action against them for the same trespass. In the present case the costs in the judgment against the relator were paid before his commitment to prison.

For these reasons it seems to me that the order of the county judge discharging the relator from imprisonment should be affirmed, with costs of the proceedings in this court to be paid by the plaintiff in error to the attorney of the relator, and that the relator have execution therefor.

Ordered accordingly.

[MONROE GENERAL TERM, March 7, 1864.   *E. Darwin Smith, Welles* and *James C. Smith,* Justices,