(148 App. Div. 141.)
SECOR et al. v. TRADESMEN'S NAT. BANK OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   December 29, 1911.)

1. PARTNERSHIP (§ 245*)—POWERS OF SURVIVING PARTNER.
    A sole surviving partner being the legal owner of the firm assets, he can make a valid release of a claim against a bank for money collected by it for the firm.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 514–518; Dec. Dig. § 245.*]

2. RELEASE (§ 27*)—PERSONS AFFECTED.
    A release signed by a surviving partner, releasing a bank "from all claims on account of moneys received by the bank or others," did not release any one except the bank from claims for money owing the firm.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 53–56; Dec. Dig. § 27.*]

3. ATTORNEY AND CLIENT (§ 117*)—DUTIES—ACCOUNTING.
    An attorney is bound to account for money received by him belonging to his client.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. § 117.*]

Appeal from Special Term, New York County.
Action by James F. Secor, Jr., and another, as executors of James F. Secor, deceased, surviving partner of the firm of Burgess & Secor, against the Tradesmen's National Bank of the City of New York and others.   From a judgment for defendants, plaintiffs appeal.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Philip Carpenter, for appellants.
Marshall Snyder, for respondents.

DOWLING, J.   The firm of Burgess & Secor, composed of Phineas Burgess, Charles A. Secor, and James F. Secor, was interested, prior to the year 1884, in a contract made with the government of the United States for the construction of a monitor.   The firm had

———————
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a claim for damages against the government arising out of certain delays, acts, and omissions on the part of the latter. Phineas Burgess and Charles A. Secor both died in December, 1884, leaving James F. Secor as the sole surviving partner of the firm. The interests of the various partners in the firm had been as follows: Phineas Burgess, one-quarter; Charles A. Secor, three-eighths; James F. Secor, three-eighths.

To secure an indebtedness to the Tradesmen's National Bank, the firm and its individual members assigned to it all of the claim against the government. Thereafter, in 1886, David Myerle, as executor of Phineas Burgess, brought an action in the Court of Claims of the United States to recover the aforesaid damages. In 1890, an agreement was made between Myerle as executor, Secor as the surviving partner of Burgess & Secor, and the Tradesmen's National Bank, by which it was agreed that the claim in question should be prosecuted by Myerle, through counsel, not only in the Court of Claims, but by means of congressional action, and that the expense of prosecution should be first paid out of any recovery, and the balance be divided, three-fourths to the Tradesmen's National Bank and one-fourth to Myerle as executor and Secor as surviving partner; when said three-fourths should be sufficient to discharge all the claims of the bank, then one-fourth of the remainder should be paid to it and three-fourths thereof to Burgess and Secor. Acting under this agreement, Walter S. Logan prosecuted the claim until January, 1897, when judgment was recovered in favor of Myerle, as executor, for the sum of $129,811.45, which was subsequently paid by the government by its draft indorsed by Myerle and retained either by him or by Logan. In the same month, the Continental National Bank commenced an action in the Supreme Court, New York County, against the Tradesmen's National Bank, Logan, Myerle as executor, and Secor as surviving partner, claiming that it was entitled to a part of said fund. A receiver having been appointed, the draft or its proceeds were turned over to him, and, upon the reversal of the order of receivership, the same were deposited into court. Thereafter, in April, 1899, a final decree was entered in the Continental Bank suit, by which it was decreed that it should receive $11,000 from the fund, and that the balance, then amounting with interest to $119,291.99, should be paid over to the firm of Logan, Demond & Harby, as attorneys for the defendants in the action. Thereafter said sum was paid by check to the order of Logan, Demond & Harby and deposited by Walter S. Logan in an account in his name as attorney.

Differences arose between the parties, in the course of which a claim was made by James F. Secor, Jr., against the Tradesmen's Bank for services rendered in connection with the prosecution of the claim, and he brought suit in the Supreme Court, Westchester County, to recover the sum of $25,000 for such services. In the same month (October, 1900) James Secor, individually and as sole surviving partner of the firm of Burgess & Secor, brought suit in the Supreme Court, Westchester County, against the Tradesmen's Bank, Myerle as executor, and Logan, for an accounting of the funds. Thereafter

in March, 1901, a settlement was made with Secor, Jr., by which he received $13,000 from Logan and delivered a release to the Tradesmen's Bank of all his claims.  At the same time, Secor, Sr., executed a release to the Tradesmen's Bank in his individual name, by which he released the said bank, its successors and assigns, from all claims that he might have, and specially from all claims that he might have on account of moneys received by said bank or others from the United States government, on account of the iron-clad "Monadnock."  Secor, Sr., consented to the discontinuance of his action then pending, and an order was made to that effect without costs.  At the time the attorneys for the bank wrote to his attorney requesting that he furnish them with a release from Secor, Sr., not only individually, but as sole surviving partner, and stating at the same time that they were entitled to the same under the terms of the settlement.  In reply thereto, Secor's attorney wrote them calling their attention to the fact that only the individual claims of the Secors, father and son, had been settled, and he expressly stated that he did not undertake to settle any claim of Burgess & Secor beyond his individual interest in the firm.  The attorney further wrote that the bank was not entitled to any release from Secor, as the surviving partner, because he had been paid nothing as such.  Despite this refusal, the attorneys for the bank signed the consent to the discontinuance of the father's action, and it never received the release requested.  No accounting has ever been made by the firm of Logan, Demond & Harby, who, as attorneys for the defendants, received the fund in question; nor by Logan, in whose special account it was deposited.

[1]. It is apparent, therefore, that the plaintiffs, as representatives of the deceased surviving partner, during whose lifetime the present action was brought, are entitled to an accounting, unless they are barred by the release given to the Tradesmen's National Bank.

This release, while the individual act of Secor, Sr., operated to discharge the bank and is an effective bar to any demand for an accounting by it.  At the time it was given, as surviving partner he was the sole owner of the assets of the firm, could deal with them as his own, and held the legal title thereto.  Bush Co. v. Gibbons, 87 App. Div. 576, 84 N. Y. Supp. 478; Williams et al. v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460; Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807.

[2] But this release did not run to any one save the Tradesmen's National Bank, which alone is named therein.  While it is true that he released the bank "from all claims on account of moneys received by the bank or others from the government on account of the iron-clad," thus referring specifically to the fund in question, it. did not purport to discharge any one save the bank, and under no possible theory that has been suggested can a release running specifically in favor of it be extended to cover other persons, neither named nor referred to therein.

[3] While, therefore, all the parties have individually released the bank, and Secor, Sr.'s, release discharges it as well, from any claim he may have had as surviving partner, there is no escape from the

conclusion that the personal representative of the defendant Logan is bound to account to the surviving partner of the firm of Burgess & Secor for the fund belonging primarily to that firm. It was received by him as one of the attorneys, and no accounting was made by him to the surviving partner, who is entitled to the firm assets. As to the defendants Demond and Harby, the question of their liability to account must be determined upon the trial.

Under these conditions, it follows that the judgment appealed from must be reversed as to the defendants except the Tradesmen's National Bank, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

### NEW YORK COUNTY NAT. BANK v. HERRMAN.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. APPEAL AND ERROR (§ 863*)—QUESTION FOR REVIEW.

  [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 863.*]

2. PLEADING (§ 324*)—BILL OF PARTICULARS.

  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–985; Dec. Dig. § 324.*]