JOHN P. REUTHER, Administrator, etc., of FRANK B. REUTHER, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

## Claim No. 17797.

Court of Claims, March 16, 1926.

State — claims against — State is not insurer of highways under all conditions — State can only be held to reasonable care in construction and maintenance of highways — plaintiff's intestate killed when automobile in which he was occupant crashed through substantial wooden guard rail abutting approach to bridge on State highway — evidence shows operator of automobile saw dirt road maintained by town and attempting to turn away from it crashed into guard rail — State not negligent where it exercised degree of care commensurate with all circumstances.

The State is not an insurer of the safety of its highways under all conditions. It can only be held to reasonable care in construction and maintenance, and where all the facts and circumstances surrounding a claim against the State arising from an accident on its highways indicate that the State exercised that degree of care as far as possible under the circumstances, it is not liable.

Accordingly, the State of New York is not liable for damages arising from the death of claimant's intestate, who was killed when the automobile in which he was an occupant crashed into that portion of a substantial wooden guard rail running parallel with an improved State highway maintained under the so-called "patrol system," where it appears that upon passing a curve on the highway and seeing a dirt road maintained by town authorities to his left, the driver of the automobile attempted to turn to the right, away from the town road, and proceed northerly over a bridge seventy feet north, but crashed into the guard rail at a point near the bridge on the westerly side of the highway, notwithstanding the fact that said driver had a plain view of a warning sign

as to the proximity of the curve and the bridge at a point three hundred feet east of the curve and of the lights of an automobile approaching easterly over the bridge and while it was rounding the curve. (*Johnson* v. *State*, 104 Misc. 395; affd., 186 App. Div. 389; affd., 227 N. Y. 610, distinguished.)

CLAIM against State for not properly guarding State highway at curve on entrance to bridge, resulting in death of occupant of automobile.

*Henry J. Crawford,* for the claimant.

*Albert Ottinger, Attorney-General* [*Clyde H. Proper* of counsel], for the defendant.

PARSONS, J.   Early in the evening of July 4, 1924, the claimant's intestate, seventy-two years old, was riding in the back seat of a Ford sedan automobile.   In the seat with him was his wife, Annie P. Reuther, a woman of about the same age.   The car was being driven by John P. Reuther, his son; on the front seat with the driver was Edna Russell, a relative, and her infant daughter, Edna Russell.   Early that morning this party had left South Rivers, N. J., and were on their way to Indian Fields in the town of Coeymans, Albany county, N. Y., to visit a relative.   At the time of the accident hereinafter mentioned they were about 165 miles from their starting place.   The car was equipped with the regulation headlights which had been lighted at Ravena some 3 miles from the point of the accident.   Leading from Ravena to the point of the accident and thence on to Indian Fields was an improved State road constructed by the State and at the time being maintained by the State under the so-called " patrol system."   At about the point of the accident the road was carried over a creek by a bridge erected many years ago by the town.   This was an iron frame bridge and rested on stone abutments at either end from which wing walls projected in either direction.   The highway ran in a generally easterly and westerly direction and this party was traveling in a generally westerly direction.   At a point a short distance from the bridge the highway made an abrupt turn to the north and crossed the bridge in a northerly direction.   At or about the point of the turn the improved highway was intersected by a dirt road or lane leading to some residences situated southerly of the improved highway.   This dirt road or lane was not on the same level with the improved highway and it was necessary to go down a considerable incline from the improved highway to reach its level.   This turn or angle in the improved highway was some seventy feet distant from the bridge and for years there had been maintained a substantial guard rail or fence on the southerly side leading from the bridge to the turn going into the dirt road with a panel extending

down the incline to substantially the level of the dirt road. On the northerly side was a regulation State highway guard rail, extending from the bridge to the turn in the road, which was painted white and plainly visible. There is some dispute in the evidence as to whether or not the fence or guard rail on the southerly side was painted at the time of the accident. Anyway it was of substantial construction consisting of several heavy posts well set in the ground to which were attached two very substantial boards or timbers. On the right hand on the northerly side of the improved highway and about three hundred feet easterly from the turn was a danger sign on a concrete post some six or seven feet above the surface of the highway consisting of a white surface about three feet by two feet on which was, painted black, an arrow pointing toward the turn, and the words " Curve — Bridge." For a considerable distance easterly from such sign the highway was substantially straight and level, and there was nothing to prevent a plain view of the sign. Between the sign and the curve the driver of the Reuther car met a car driven by one Swartout going toward Ravena. This car had crossed the bridge and its lights were lighted, and Swartout testified that he had seen the lights of the Reuther car some considerable distance down the road before he passed it, and there seems to be no reason why the driver of the Reuther car should not have seen the lights on the Swartout car when it crossed the bridge and while it was rounding the turn. Along the northerly side of the highway, the side on which the Reuther car was traveling, was a well-defined shoulder and a well-defined bank beyond the shoulder; and on the southerly side for some distance easterly from the intersection of the dirt road and up to such intersection was a regulation State highway guard rail painted white. The rail did not cross the intersection as it would have closed the dirt road which the State had no authority or any jurisdiction over, or in any way was responsible for. It was a town road and had been opened as such for a long time and had been worked to some extent by the town authorities. When the Reuther car reached the turn in the highway for some reason the driver did not turn to the right onto the bridge but crashed into that portion of the fence or guard rail leading from the bridge to the dirt road nearest the bridge. The crash broke the two posts nearest the bridge and the automobile went through the fence and turned over the wing wall into the creek, carrying with it the posts and some of the timbers fastened to the posts and some of the stones from the top of the wing wall. The occupants of the car were more or less severely injured. Frank B. Reuther died from shock shortly after being taken out of the wreck and Annie E. Reuther, his wife, was injured, and the younger

Court of Claims, March, 1926.     [Vol. 126

members of the party injured to some extent, and the automobile was completely wrecked.

The claimant seems to rely on the case of *Johnson* v. *State* (104 Misc. 395, decided by this court; affd., 186 App. Div. 389; affd., 227 N. Y. 610) to establish the State's liability. *Johnson* v. *State* (*supra*) was decided on the facts and conditions existing in that case and established no general principle applicable to all highway accident cases. The facts in the instant case differ. In the *Johnson* case it was found that the condition there existing could have been remedied by the construction of a fence that would have given full notice to the driver of the condition, and that the side of the highway over which he drove and thence over a retaining wall was well beaten and on practically a level with the improved highway and had such an appearance as to lure the driver off the road. In the instant case no such barrier or fence could have been constructed to any greater extent than was done without closing the town or dirt highway leading to the south and from the improved highway, and it was not on a level with the surface of the improved highway. There was another distinction in the instant case; had the driver of the Reuther car proceeded in the direction he claims to have been lured into taking, no harm would have resulted, as the car would have proceeded down the town road in safety.

The claimant's evidence is to the effect that he saw the town road and attempted to turn to the right and crashed into the fence. A significant fact in this connection is that his car did not crash through the fence until it was near the bridge. The posts broken off and the fence broken down were the posts and panels nearest the bridge and not those at the end of the fence where it turned down to the dirt road.

In the *Johnson* case it was a dark, foggy night obscuring the vision of the driver to some extent. In the instant case it was early in the evening of July fourth and no evidence of rain or fog to interfere with the vision of the driver.

So also in the case of *Wolf* v. *State* (122 Misc. 381; affd., 210 App. Div. 827) there was no reason for not maintaining a barrier that had been erected but was broken down at the time of the accident and had been for some time previously.

The State cannot be held to be an insurer of the safety of its highways under all conditions. It can only be held to reasonable care in construction and maintenance, and it seems to have exercised that degree of care in this case as far as possible under the circumstances.

Under all the facts and circumstances surrounding this case the State was not negligent either in the construction of or in the main-

tenance of the highway at the point of the accident, and is, therefore, not liable for any damages that may have resulted from such accident either to the claimant's intestate or to the other occupants of the automobile.

SMITH, J., concurs.