OTTO KIRCHNER, as Administrator, etc., of LOUISA MERK, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 17,230.)

Third Department, May 3, 1928.

State — claim against State — action for death of plaintiff's intestate who was killed when automobile driven by third person on State highway ran into automobile in which intestate was riding — evidence justifies finding that highway had been recently patched and oiled and that it was not properly sanded — said condition of road was defect, under Highway Law, § 176 — negligence of State and negligence of driver of other automobile were concurrent — recovery against driver of other automobile without satisfaction is not bar to this claim (Court of Claims Act, § 12) — plaintiff may choose judgment giving best damages.

Plaintiff's intestate was riding with the plaintiff, her husband, in an automobile on a State highway and had reached the foot of a hill. A third person, approaching from the opposite direction, turned to pass several automobiles on the hill, which he was descending, and as he did so his automobile began to skid. The plaintiff drove his automobile to the side of the highway and stopped, but as the other automobile came opposite plaintiff's automobile, it turned completely around, struck plaintiff's automobile and injured plaintiff's intestate so seriously as to cause her death.

The evidence justifies a finding that the highway, where the other automobile skidded, had recently been oiled and had not been properly sanded. This

condition of the highway was a defect, within the meaning of section 176 of the Highway Law, and the failure properly to oil and sand the highway constitutes negligence on the part of the State.

It appears that the plaintiff has recovered a judgment against the owner of the other automobile, based upon his negligence, but that action does not bar a claim against the State nor deprive the Court of Claims of jurisdiction, under section 12 of the Court of Claims Act.

The negligence of the owner of the other automobile did not break the causal relation between the negligence of the State and the death of the intestate, but it concurred with the negligence of the State in producing the result which followed, and, therefore, the owner of the other automobile and the State are jointly and severally liable.

The claimant could not proceed against the owner of the other automobile and the State jointly, because the State could not be made a party to the first action, and, therefore, the recovery in the first action is not an election to stand on that and to release the claim against the State.

The judgment in the first action was for $5,000, and in the present action it is for $10,000, and, although there can be but one satisfaction, the claimant has the right to choose the best damages.

APPEAL by the defendant from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 30th day of November, 1927.

*Albert Ottinger, Attorney-General* [*W. Earl Ward, Deputy Assistant Attorney-General*, of counsel], for the appellant.

*William A. Mulvey* [*William D. Cunningham* of counsel], for the respondent.

WHITMYER, J. The claim is based upon alleged negligence. Intestate was injured on November 6, 1921, in a collision between a Franklin touring car, in which she was riding with her husband, who owned and was driving it, and a Studebaker touring car, owned and driven by one Edward Akers. She died nine days later as the result. The collision occurred on the Albany Post Road, maintained under the patrol system, on a hill with a six per cent grade, between Knapp's Corners and Wappingers Falls, about six miles below Poughkeepsie. She and her husband were going southerly and had reached the foot of the hill, when Akers, going northerly, was at the top, ready to drive down. Seeing four or five cars going down ahead of him, Akers started and pulled to his left to pass and his car began to skid. Intestate's husband, seeing this, pulled his car as far as possible to his right to get out of the way and stopped near a large signboard off from the macadam, but the Akers car continued to skid and, when opposite the signboard, turned completely around and crashed into the car occupied by intestate, with considerable force, driving it against the signboard, with the result stated. The court found and decided that the skidding of the Akers car and the results which followed were

caused by the negligence of the State in failing to properly oil the road and cover the slippery surface with sand or screenings, so that it was in a dangerous condition. Under the decision, the condition was found to be the primary cause of the skidding and the negligence, if any, of Akers, in driving, was not taken into account. Whether or not the condition constituted a defect in the road for which the State may be held liable, within the meaning of section 176 of the Highway Law, as it read at the time of the accident, is the first question. Employees of the State had been repairing it just before the accident. The repairs were in patches. The holes and depressions were filled with a mixture of crushed stones and bituminous cement. Road oil was applied to this and it was the custom then to cover the surface with sand or screenings, until the oil was absorbed. The patches covered about one-eighth of the surface. How the work was done was a question of fact. For claimant, there was evidence that a lot of fresh oil was applied and that the road was pretty greasy, that it had been freshly and freely oiled all the way down the hill, and that the surface was not covered with sand or gravel or crushed stone and was very slippery. On the other hand, there was evidence that the last work had been completed on October twenty-sixth or twenty-seventh, and that the surface, while it gave evidence of recent oiling, was not in a wet or sticky condition. But the engineer admitted that he had testified on the trial of an action against Akers, to be referred to, that the road at the place was more slippery than macadam ordinarily is and that he could not testify that he saw, at any time, that screenings or gravel had been applied. There was support for the finding which was made. The road was a State road and was maintained under the patrol system. The State has assumed liability for damages suffered by a person from defects in State and county highways so maintained. (Highway Law, § 176, as amd. by Laws of 1916, chap. 578; since amd.) The system contemplates that such highways shall be " under constant observation " to the end that they may " be effectively and economically preserved, maintained and repaired." (Highway Law, § 170, as amd. by Laws of 1916, chap. 578; since amd.) The State is not an insurer of their safety, but is required to exercise ordinary care in maintaining and repairing them. (*Best* v. *State*, 203 App. Div. 339; affd., 236 N. Y. 662; *Reuther* v. *State*, 126 Misc. 773.) And if damage is suffered, the negligence for which it may be liable must be in respect to the cause or continuance of defects referable to fault in administering the system. (*Belair* v. *State*, 212 App. Div. 206, 209, 210; affd., 241 N. Y. 552.) Here, the holes and depressions had been filled, but the surface had been left in a dangerous con-

35

dition. I think that it was a defect in the highway. Ordinary observation would have discovered it and ordinary care would have remedied it. And whether or not the result which followed was reasonably to be anticipated and proper observation was made and proper care was exercised were questions of fact. The decision did not refer to negligence on the part of Akers, but the court found, upon defendant's request, that he was negligent. And it sufficiently appears that claimant, as plaintiff, recovered a judgment against him for $5,000 in an action, based upon his negligene, in Supreme Court, Dutchess county, prior to the prosecution of the claim. That was not a claim submitted by law to some other tribunal or officer for audit or determination and did not deprive the Court of Claims of jurisdiction, under section 12 of the Court of Claims Act. And that negligence did not break the causal relation between the negligence of the State and the death of the intestate. On the contrary, it concurred with the negligence of the State in producing the result which followed. The State was negligent in creating and maintaining a dangerous condition in the highway and Akers was negligent in the manner in which he drove his car over the highway in that condition. Without the negligence of each, the result would not have happened and they were jointly and severally liable. (*Sweet* v. *Perkins,* 196 N. Y. 482, 485; *Slater* v. *Mersereau,* 64 id. 138, 147; *Creed* v. *Hartmann,* 29 id. 591, 597.) Claimant could not proceed against them jointly, in one action, because the State could not be made a party. He proceeded against them separately, as he had a right to do and as he was required to do, against Akers by action and against the State by claim. And the recovery in the action in advance of that in the claim was not an election to stand on that and to release the claim. If execution had been issued and an attempt had been made to collect, that might have been the result, but, so far as appears, nothing was done. It is true, in the action the damages were found to be $5,000, and in the claim were fixed at $10,000, but that is not fatal. The concurring acts of both caused the collision and the death. For the result both are responsible, but there may be only one satisfaction and claimant may make choice of the best damages. (34 C. J. 722, § 412; *Livingston* v. *Bishop,* 1 Johns. 290, 292; *O'Shea* v. *Kirker,* 4 Bosw. 120, 124; *Kasson* v. *People,* 44 Barb. 347, 353; *Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628, 636; *Lord* v. *Tiffany,* 98 id. 412, 421.)

The judgment should be affirmed.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Judgment affirmed, with costs.