MARGARET A. TYNAN and Six Others, Claimants, *v.* THE STATE OF NEW YORK

(Claims Nos. 23513–23517, 23792, 23793.)

Court of Claims, October 31, 1935.

*Smith, Seubert & Dolans* [*D. J. Seubert* of counsel], for the claimants Tynan and Ryan.

*Woods & Carberry* [*Frank L. Woods* of counsel], for the claimants Murphy, Rosney and Woods.

*John J. Bennett, Jr., Attorney-General* [*Burns F. Barford* and *Paul Muscarella, Assistant Attorneys-General,* of counsel], for the defendant.

RYAN, J. Claimant Tynan and her three passengers were injured when her brother's auto, which she was driving, left the highway five miles north of Inlet and turned over. The accident occurred in daylight about five P. M. July 11, 1932. There had been showers during the afternoon. At the time of the accident a drizzling rain was falling. The highway, built according to specifications for bituminous macadam penetration method, had been accepted by the State in October, 1930. Such highways, affected by the heat of the sun and the wear of traffic, often produce fatty spots. Cooled by showers or mist, these spots become slippery when wet. No sign warning of this condition existed at the scene of the accident. Mrs.

Tynan knew of it, however, because she had observed on the way from Inlet that the road " was very shiny — looked like shoe blacking."

Mrs. Tynan testified that, as she approached the scene of the accident, she was driving twenty to twenty-five miles per hour and on the right side of the highway, that she descended a hill, proceeded along a level stretch and began the ascent of another hill; that when about twenty or thirty feet from two white posts which marked a culvert she gave the car a little gas and the car slid towards the posts; that she tried to avoid going into the posts but did strike them; that she righted the car and for a few feet straightened up and then slid again to the left side of the road and went down the embankment. No other car interfered with the driver.

The automobile was ascending a five and two-tenths per cent grade. It came to rest at a point at least 140 feet from where it first began to slide. Wherein would warning signs have been efficacious?

On June 18, 1932, the State's county assistant engineer had observed a " bleeding " or soft condition of the highway, and had ordered it covered. Within two weeks thereafter a decayed red rock was spread over the road from the top of the hill to the bottom, a distance of 1,700 feet. The material used was a native shale, collected from a cut along the road side. According to one of the laborers who applied it, it was " fine, gritty stone." The county assistant engineer inspected the road again on July 6, 1932, and testified that then " the hill was covered with this decayed rock and was in good condition."

This case is to be distinguished from that of Anita S. Brown, claim No. 22045. Therein we gave an award based on the negligence of the State in creating a " dangerous, defective and unsafe condition " of a highway " in violation of the plans and specifications " for its construction " through the application of an extra sealing coat or squeegee, consisting of hot bitumen before the coat below the extra coat had been adequately and properly removed."

The facts herein are also distinguishable from those in *Kirchner* v. *State* (223 App. Div. 543) and *Sporborg* v. *State* (226 id. 113).

Weighing the undisputed fact of the treatment of the highway with decayed rock in consideration with the testimony of the several engineering experts, we have come to the conclusion that the record warrants a finding that the State exercised reasonable care in the maintenance of the highway in question. We find further that the cause of this accident was the lack of proper control of her automobile by the claimant Tynan. All claims must, therefore, be dismissed.

MURPHY, J., concurs.