RosE ALL, as Administratrix, etc., of JAMES ALL, Deceased, Plaintiff, *v.* THE DELAWARE AND HUDSON RAILROAD CORPORATION, Defendant.

LAMOINE A. BROWN, as Administratrix, etc., of BARRY C. BROWN, Deceased, Plaintiff, *v.* THE DELAWARE AND HUDSON RAILROAD CORPORATION, Defendant.

KATHARINE HATALSKY, as Administratrix, etc., of WILLIAM HATALSKY, Deceased, Plaintiff, *v.* THE DELAWARE AND HUDSON RAILROAD CORPORATION, Defendant.

EARL J. KETTLER, as Administrator, etc., of MAURICE E. KETTLER, Deceased, Plaintiff, *v.* THE DELAWARE AND HUDSON RAILROAD CORPORATION, Defendant.

Supreme Court, Schoharie County, July 28, 1941.

*Sharon J. Mauhs*, for the plaintiffs.

*Joseph Rosch* [*R. L. Carr* of counsel], for the defendant.

BERGAN, J.  The liability imputed to the defendant in each of these actions is based upon the doctrine of *respondeat superior*, and under this theory it is alleged that the defendant is responsible for the acts of negligence of its employee Scrafford, against whom recovery has already been had by each of these plaintiffs.  This defendant and Scrafford are not joint tort feasors.  (*Wolf v. Kenyon*, 242 App. Div. 116, 119.)  It was there held that a verdict in favor of the master barred a further action against the servant for the same cause.  (See, also, *Pangburn v. Buick Motor Co.*, 211 N. Y. 228.)  The liability of master and servant for the act of the servant is deemed that of one tort feasor and is " a consolidated or unified one."  (*Sarine v. American Lumbermen's Mutual Casualty Co.*, 258 App. Div. 653, 655.)  Both may, however, be sued by one aggrieved, and I think they may be sued separately.

Where one party on behalf of himself and another set in motion legal proceedings creating a cause of action for conversion, *i. e.*, a single wrongful act undertaken in behalf of himself and another (his partner) and hence unified with liability derived from one to the other, it was said in *Lord v. Tiffany* (98 N. Y. 412, 421): " There was, in fact, a single transaction, but two actors.  Each was liable.  Tiffany had the option to sue both in one action, or each separately.  He chose to have as many actions as there were wrong-doers, but he could not multiply his damages."

The main problem presented by these motions is whether, in pursuing the actions against the employee to judgment there has been such an election by the plaintiffs as to constitute a bar to an

action against the employer, without showing satisfaction of the former judgments  Under general principles of law and in some jurisdictions such an election will be deemed to have been made. (See, for example, in New Hamsphire, *McNamara* v. *Chapman*, 81 N. H. 169; 123 A. 229.)  But in New York it has been held that the statute (Debtor and Creditor Law, § 232) operates to avoid the bar that would usually be created by such an election. (*Sarine* v. *American Lumbermen's Mutual Casualty Co., supra,* p. 655.)  The word " obligor," as used in the statute, the court held, includes liability for tort within the definition of section 231 of the same statute.  The decision is in point, accordingly, and I think it is controlling upon these motions.

Defendant would distinguish the case upon the ground that the court was there dealing with liability imputed to an owner by section 59 of the Vehicle and Traffic Law.  But the decision turned in part upon the argument that the statutory liability was similar to and to be governed by the same principle as that growing from the doctrine of *respondeat superior.*  The result in the statutory relationship was deduced from the relationship of master and servant.  It certainly was not distinguished from it.  (See, also, *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 17.) " Liability   *   *   *  is derivative and is akin to that imposed on a master for the negligent acts of his servant."  The defense of the former adjudication against the servant, therefore, is not available to the master, without pleading a satisfaction of the judgments.

There is available to the defendant, I think, a defense pleading a limitation of liability as fixed by the prior judgment in each action so long as the demand in the complaint exceeds the amount so adjudicated.  (*Sarine* v. *American Lumbermen's Mutual Casualty Co., supra,* p. 655.)  Where two tort feasors by separate but concurring acts of negligence cause an injury, it has been said that a prior recovery of damages against one is not conclusive upon the amount of damages to be awarded against the other.  (*Kirchner* v. *State of New York,* 223 App. Div. 543, 546.)  The decisions in the authorities relied upon in the opinion (*Lord* v. *Tiffany, supra; Livingston* v. *Bishop,* 1 Johns. 290; *Kasson* v. *People,* 44 Barb. 347, among others) turned upon the effect of judgments separately rendered and not upon the availability of one as limiting damages in the other, and *Barrett* v. *Third Ave. R. R. Co.* (45 N. Y. 628) turned upon an entirely different question.  In any event, the effect of the decision, applying to tort feasors liable through separable acts of negligence, should not be extended to an action separately maintained against a master after recovery has been had against a servant.

To permit a plaintiff to have damage in a greater amount against a master for the act of the servant than was allowed against the servant for the same act and for the same result, would be an incongruity, if, indeed, it afforded the master in respect of admeasuring damages, the equal protection of the laws of the State within the intent of section 11 of article 1 of the State Constitution.

The eighth paragraph of each answer is broadly framed and, I suppose, liberally construed, may, by the words " extent of liability," be deemed to plead limitation of amount of recovery. It pleads so many other things not available to defendant that I think if defendant desires to plead a limitation of amount of recovery it should clearly plead this defense.

Motion granted in its entirety in each case, without costs. Defendant may plead over a defense of limitation of damages unless plaintiff in each case within ten days of notice of entry of the orders amends the complaint to demand damages consistent in amount with the former adjudication. Submit orders.