ROSE KLEINMANN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32329.)

FRANK B. MULLIGAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32330.)

Court of Claims, April 7, 1955.

*James J. Drislane* and *Arthur E. Walker* for claimants.

*Jacob K. Javits, Attorney-General* (*John H. Bartow* of counsel), for defendant.

MAJOR, J. The above claims, alleging negligence, timely filed on December 10, 1953, which have not been assigned nor submitted to any other court or tribunal for audit or determination, arose out of an accident on Route 20, between Sangerfield and Bridgewater in Oneida County, on Sunday, September 13, 1953, at about 3:30 P.M., when claimant, Rose Kleinmann, was operating an automobile owned by claimant, Frank Mulligan, her brother-in-law. She was traveling easterly and upgrade immediately before and at the time of the accident.

The section of Route 20 in the vicinity of this accident, was originally a sixteen-foot bituminous macadam road and was reconstructed in 1937, to a forty-foot reinforced concrete road. It was given a single surface treatment in 1947, and again in June, 1952, and was marked off with white lines into four lanes, each ten feet wide. The single surface treatments were applied by the maintenance crew of the New York State Department of Public Works for that area, and consisted of a light coat of State specification No. 70-b, grade C, asphalt emulsion, which was made up of less than 40% water and about 60% asphalt. These treatments were applied by a pressure distributor during warm weather with temperature above 40° F. The quantity used was three to four-tenths of a gallon per square yard, applied in ten-foot strips, followed closely by the spreading of No. 1's or 1-A stone, and then rolled with a six to ten-ton roller. This is proper and standard practice adopted by the State of New York.

In certain spots on this highway, including the upgrade portion involved in this accident, the extreme heat of the sun caused patches of "bleeding". The County Assistant for Oneida County in charge of the operation and maintenance was familiar with this condition. During the season, there were similar "bleedings" on many other State highways. These spots are usually slippery when wet.

On the day of accident, Rose Kleinmann, claimant herein, left Syracuse, New York, about 1:30 P.M. and drove alone in a 1950 Plymouth four-door sedan on Route 20 enroute to her home in Albany. She reached Sangerfield at about 3:30 P.M., and continued easterly at a speed of thirty-five to forty miles per hour. The weather was rainy and misty. The pavement was wet. About two miles east of Sangerfield, she started to ascend a hill. There were no cars in front, only one car in back of her, and no cars traveling in the opposite or westerly direction at this time.

Claimant, Rose Kleinmann, testified that she really did not know how the accident happened. As she was driving along, it felt as though the car was "coming out" from under her. As

the car skidded to the right, she turned the wheel to the left, slid to the left, went across the four-strip road and collided with a guardpost on the north shoulder located two to three feet west of pole number C and U 45.

The driver's opinion is that at the time of the accident she was traveling about forty miles per hour, but the physical facts and circumstances indicate a greater speed. She had been over this road on several occasions. Route 20 is a very heavily traveled road. A traffic count taken between 7:00 A.M. and 7:00 P.M. on August 8, 1953, a short distance from the scene of the accident, showed 6,609 vehicles in both directions. There were no other accidents shown to have happened at this location.

The evidence submitted by the claimant-driver fails to establish the exact place where the car began to slide or skid, and the court cannot guess or assume that such skidding or sliding was caused by the patches which had previously " bled ", merely on the statement that patches existed in various places on the highway.

Claimant, Rose Kleinmann, suffered personal injuries enumerated in her physician's statement, and other damages stipulated in evidence. The automobile of claimant, Frank B. Mulligan, was damaged in the amount stipulated.

The claimants have failed to establish any negligence on the part of the State which was a proximate cause of this accident, and that the sliding or skidding of the automobile was due to the faulty construction or maintenance of the highway, or that a dangerous condition existed. The State is bound to exercise only reasonable care in the maintenance of its highways, and is not an insurer of their safety. (*Kirchner* v. *State of New York,* 223 App. Div. 543.)

Negligence cannot be inferred from the facts that the car skidded or that the accident happened. (*Lahr* v. *Tirrill,* 274 N. Y. 112; *Wesley* v. *State of New York,* 272 App. Div. 990.)

The State owes the duty to the public that persons traveling the highways shall find them reasonably safe. (*Veit* v. *State of New York,* 192 Misc. 205.) The highway at and in the vicinity of this accident was reasonably safe for use by the traveling public, and this accident was not due to its faulty construction or maintenance.

The court finds that the proximate cause of this accident was the negligence of Rose Kleinmann in that she failed to operate and keep her car under control as required of a prudent person under similar circumstances, and that the State is free from

negligence which contributed to or was a proximate cause of this accident.

The claims of Rose Kleinmann and Frank B. Mulligan are, therefore, dismissed and judgment is directed accordingly.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let separate judgments be entered accordingly.