Bernard Ryan, P. J.
Claimant sues the State of New York for damages for personal injuries sustained and for property damage resulting from the demolition of a Dodge truck owned by him, following an accident which occurred June 8, 1954 at or near the intersection of State Highway Route 23 with Route 23A in the Town of Prattsville, Greene County. The vehicle, driven by the claimant, collided with a tractor-trailer operated by an employee of one Thomas G-. Rochester. The claim alleges that the State was negligent in the construction and maintenance of its highways and in failing to mark the intersection with propej signs and warning signals.
*970 Claimant sued Rochester and his employee, William Kuzmiak, in Supreme Court, Greene County, and on November 24, 1954 he signed and acknowledged a general release running to those parties defendant, upon the execution of which he received payment in the amount of $7,500. Thereupon his attorney signed a stipulation of discontinuance of the action. There was no reservation in the document which claimant executed with respect to any claim against the State of New York. It was not in form a covenant not to sue and although it contained a recital reading: “ More particularly releasing and discharging the said Thomas G. Rochester, doing business as Rochester & Rochester Trucking and William Kuzmiak”, those words cannot be construed to mean that it was intended that the State of New York, its officers or employees, or any person or entity who may have been a joint tort-feasor with Rochester and his employee would be held to further responsibility.
Upon the trial of this claim against the State, there being no jury present, and reserving to the Attorney-General his objection and a motion to strike the testimony, we permitted claimant to be questioned about a conversation which took place on the occasion when he signed the release. Present at that time were claimant, his wife, his attorney and an attorney representing the trucking company. Claimant testified as follows:
‘‘ Q. What were you told? A. I was told that if I got money from the State of New York would have to pay up insurance company, Rochester & Rochester.” * * *
“ Q. What was the conversation about the claim against the State? A. Well, it was to continue.”
The motion to strike must be granted. By the testimony an attempt was made to vary the terms of a written instrument, not to explain it.
Counsel for the claimant calls attention to this writer’s decision in McKenna v. State of New York (207 Misc. 1008 [1955]) wherein we held that certain issues of fact arose making it necessary to deny a motion to dismiss a claim for lack of jurisdiction because of a release. There, too, the instrument before us was executed upon a printed form labeled ‘1 General Release ”. But the interpolated clause was ambiguous. We can find no ámbiguity here.
Counsel also directs our attention to Kirchner v. State of New York (223 App. Div. 543 [1928]) wherein the claimant in the Court of Claims had recovered a judgment against an individual defendant as the result of a jury verdict. It was there held that recovery in the action in the Supreme Court in advance of the claim against the State in the Court of Claims was not an election *971 to stand on the first action and to release the claim against the State. However, the court also held that there could be only one satisfaction and that since an execution had not been issued upon the Supreme Court judgment, and no attempt had been made to collect it, claimant was entitled to proceed against the State. The Kirchner case does not help the claimant here. Admittedly he has had his satisfaction as is disclosed by the cancelled check upon which he received payment and which is in ■evidence. Nor does either of the following cases assist claimant in his dilemma. This for the reason that the facts in each are clearly distinguishable. (Secor v. Tradesmen’s Nat. Bank, 148 App. Div. 141 [1911]; Anthony v. George T. Bye, Inc., 243 App. Div. 390 [1935].)
The motion to dismiss the claim must be granted. (Gilbert v. Finch, 173 N. Y. 455 [1903]; Rector of St. James Church v. City of New York, 261 App. Div. 614 [1941]; Gavin v. Malherbe, 146 Misc. 51 [1932], affd. 240 App. Div. 779, atfd. 264 N. Y. 403; Restatement, Torts, § 885.)