■ G. S. C. HOLDING CORP., Appellant, v SALVATORE CERVONI et al., Respondents.—In an action to recover damages for, *inter alia*, breach of contract and conversion, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, entered August 24, 1977, which granted, in part, defendants' motion for a protective order and (2) a further order of the same court, entered July 12, 1978, which (a) denied plaintiff's motion to compel disclosure and (b) granted defendants' cross motion for partial summary judgment, dismissing the first, second and third causes of action in the complaint as to all defendants. Order entered August 24, 1977, affirmed. Order entered July 12, 1978, modified, on the law, by (1) deleting the second decretal paragraph thereof and (2) substituting therefor a provision granting the defendants' cross motion only as to the second and third causes of action and the motion is otherwise denied. As so modified, order affirmed. Plaintiff is awarded one bill of $50 costs and disbursements. Early in 1975, plaintiff, a successor to Gallagher Service Corp., and defendants known collectively as "Key-way" were both engaged in the ready-mix concrete business. Plaintiff and defendants commenced negotiations to merge operations. In March, 1975 the parties opened a joint checking account and guaranteed each other's obligations to Norcem, Inc., a supplier of cement, with respect to future purchases of cement. However, negotiations broke down and on July 17, 1975 the parties mutually executed general releases. Defendants reaffirmed their guarantee of plaintiff's indebtedness to Norcem, Inc., for shipments of cement from March 3, 1975 to July 17, 1975. To secure that indebtedness, plaintiff assigned its accounts receivable to Norcem, Inc. Thereafter, plaintiff commenced the instant action against defendants, alleging, *inter alia*, that, on or about June 13, 1975 defendants orally agreed "to 'batch', at plaintiff's place of business in Setauket, New York, all the ready-mix concrete requirements of each of the defendants' customers within a seven-mile radius of Setauket" in return for plaintiff's agreement to assign its accounts receivable to Norcem, Inc. In its third cause of action, plaintiff alleged that, between the months of March and June, 1975, defen-

dants unlawfully converted payments received from customers on C.O.D. orders. Defendants asserted as an affirmative defense that on or about July 17, 1975 plaintiff executed a general release. Plaintiff, with the advice of its attorney, had executed the general release without any mention, in writing, of the alleged agreement to "batch" at plaintiff's plant. The alleged agreement was clearly contrary to the terms of the release. Therefore, any evidence of that alleged agreement is inadmissible pursuant to the parol evidence rule (see *Oxford Commercial Corp. v Landau,* 12 NY2d 362; *Kirchner v New Home Sewing Mach. Co.,* 135 NY 182, 188; *Russell v Marboro Books,* 18 Misc 2d 166; *Layman v State of New York,* 14 Misc 2d 969). The general release also bars plaintiff's claim for conversion which allegedly occurred prior to the execution of the release. Although plaintiff asserts that it did not learn of the alleged conversion until after it executed the release it does not allege fraud on the part of defendants. Consequently, it is bound by the release (see *Kirchner v New Home Sewing Mach. Co.,* 135 NY 182, 188-189, *supra; Matter of Ohrbach,* 4 Misc 2d 964, 969). Thus, summary judgment was properly granted with respect to the second cause of action which demanded damages for breach of the alleged oral batching agreement and with respect to the third cause of action which demanded damages for conversion. The first cause of action alleges that in August, 1975, subsequent to the execution of the release, plaintiff, at defendants' behest, batched 165½ cubic yards of cement "at the fair, reasonable and agreed value of $413.75, no part of which has been paid." Insofar as that cause of action demands relief in *quantum meruit,* it should not have been dismissed. The records and documents which are the subject of the two orders under review relate to plaintiff's claim of breach of the alleged oral batching agreement and to the cause of action for conversion. Since those claims are no longer part of the case the information sought by plaintiff is neither material nor necessary for further prosecution of the action (cf. *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.