■    ALFRED M. GALLO, Appellant, v SWAN OPTICAL CORPORATION et al., Respondents.—In an action on a contract and for an accounting, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated September 27, 1979, which granted defendants' motion to dismiss the three causes of action asserted in the amended complaint pursuant to CPLR 3211 (subd [a], pars 5, 7), and (2) the judgment entered thereon on October 17, 1979. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by (1) adding to the first decretal paragraph thereof, immediately after the word "granted", the following: "except the motion is denied as to the second and third causes of action insofar as they are against defendants Terminal Opticians, Inc., and Allan Glassman", and (2) deleting from the second decretal paragraph thereof the provision in favor of defendants Terminal Opticians, Inc., and Allan Glassman. As so modified, judgment affirmed, without costs or disbursements, and, as between plaintiff and defendants Terminal Opticians, Inc., and Allan Glassman, action severed and case remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. The amended complaint alleges that prior to September 21, 1970, plaintiff owned 50% of the shares of defendant Swan Optical Corporation (Swan) while defendant Allan Glassman owned the remaining shares. On August 4, 1970 plaintiff, Glassman, Swan, and Swan's wholly owned subsidiary Terminal Opticians, Inc. (Terminal), entered into a written contract with Sterling Optical Terminal, Inc. (Sterling), to sell the assets of Terminal to Sterling. Plaintiff alleges that, in order to induce him to agree to that sale, Glassman, Swan and Terminal orally agreed to pay plaintiff $212,500, which represented one half the purchase price, contingent on defendants' ability to pay. On September 21, 1970 Swan bought out plaintiff's entire interest in the corporation. On that date, plaintiff and Swan entered into several written agreements to cover the various terms of the buy-out agreement. Plaintiff and Swan also exchanged general releases which did not mention the alleged oral agreement between plaintiff and Glassman, Swan and Terminal. In 1978 plaintiff commenced this suit. In his second and third causes of action, plaintiff alleged that defendants refused to pay him $152,500 of the $212,500 owed to him pursuant to the oral agreement. In his first cause of action, plaintiff demanded an accounting to determine what defendants received from Sterling pursuant to the purchase agreement of August 4, 1970. Defendants moved to dismiss each of the three causes of action in the amended complaint, asserting, *inter alia,* that the alleged oral agreement did not comply with the Statute of Frauds (see

General Obligations Law, § 5-701, subd a, par 1), that the action was barred by the general release and by the six-year Statute of Limitations, that evidence of the oral agreement was inadmissible pursuant to the parol evidence rule, and that, in the absence of a fiduciary relationship between the parties, the court could not order an accounting. Special Term granted the motion, holding that the alleged oral agreement fell within the Statute of Frauds and that, in the absence of a fiduciary relationship between the parties, plaintiff was not entitled to an accounting (see *Kaminsky v Kahn*, 20 NY2d 573, 582). Special Term also denied plaintiff's request to amend the complaint to add a cause of action in quasi contract. Special Term's conclusion that the alleged oral agreement fell within the Statute of Frauds was erroneous. According to the amended complaint, defendants' obligation to pay plaintiff $212,500 was contingent upon their ability to pay, and not on the amount which Sterling paid defendants pursuant to the purchase agreement of August 4, 1970. By its terms, the agreement was performable in one year, if defendants were able to pay plaintiff $212,500 in that time. Consequently, section 5-701 (subd a, par 1) of the General Obligations Law does not apply. Since plaintiff alleges that defendants' obligations under the alleged oral agreement are contingent on their ability to pay (see *Tebo v Robinson*, 100 NY 27), on this record we cannot determine whether the second and third causes of action are barred by the Statute of Limitations. The general release, executed by plaintiff subsequent to the alleged oral agreement, clearly bars this action with respect to defendant Swan Optical Corporation (see *G.S.C. Holding Corp. v Cervoni*, 69 AD2d 809). However, since neither Terminal nor Allan Glassman were parties to the general release, that document is not applicable to them. With respect to Glassman and Terminal, the provisions of the alleged oral agreement are not intimately connected nor contradictory to the written agreements (see *Mitchill v Lath*, 247 NY 377, 380-381), so proof of that agreement would not be barred by the parol evidence rule. Therefore, the second and third causes of action of the amended complaint should be reinstated with respect to defendants Glassman and Terminal. We have considered the parties' remaining contentions and find them to be without merit. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.