JULIUS F. KRUG, Respondent, *v.* JOHN PITASS, STANISLAUS SLISZ and MARCEL SMEJA, Appellants.

*Libel — evidence as to malice — amount of damages for which judgment may be entered where all the defendants are not equally guilty.*

Where, in an action to recover damages because of the publication of an alleged libel, the defendants give evidence tending to show that they had no malice in the publication, the plaintiff may prove statements of one of the defendants, competent as against such one defendant, but not as against another, made before the publication of the article, which tend to show malice.

The right of the plaintiff to enter judgment against all the defendants for the largest sum for which any one of them is found liable, considered.

FOLLETT, J., dissented.

APPEAL by the defendants, John Pitass and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 29th day of May, 1896, upon the verdict of a jury for $6,250, and also from an order entered in said clerk's office on the 10th day of June, 1896, denying the defendants' motion for a new trial made upon the minutes.

*John W. Fisher,* for the appellants.

*Leroy Andrus,* for the respondent.

HARDIN, P. J.:

It seems the article published was libelous *per se.* (*Cruikshank* v. *Gordon,* 118 N. Y. 178; S. C., 23 N. E. Rep. 457; *Secor* v. *Harris,* 18 Barb. 425; *Carroll* v. *White,* 33 id. 616.)

(2) The defendants gave evidence tending to show that they had no malice in the publication of the article To rebut that evidence plaintiff called Sullivan, who testified to a conversation with Pitass in 1890, which was objected to, and, in response to the objection, the the court observed: "This is direct evidence on the question of malice." To that ruling no exception was taken. After some evidence was given a further objection was made, to wit: "That it is incompetent as against Smeja, and on that ground I move to strike it out." In response to that the court observed: "It is incompetent as against Smeja, but is competent on the question of the malice of Pitass." To that ruling no exception was taken. Thereupon the defendants' counsel asked to have it stricken out on the ground that it is incompetent as against Smeja; that was declined and an exception was taken. Inasmuch as the evidence was admissible, it was not error to refuse to strike it out. Subsequently, Frank A. Olszanowski was called as a witness, who gave evidence of a conversation with Pitass, and when a question was asked if the witness had had a conversation with him, it was objected to "on the ground that it is incompetent as far as the defendant Smeja is concerned." In response to that question the court observed: "I think it is competent as to these people who are inquired about, and the objection is overruled." An exception was taken to that ruling. The effect of the ruling was to hold that it was competent as to the parties against whom it was offered. Before the evidence complained of was offered Pitass, Slisz and Smeja had testified, in effect, that they

had no malice towards the plaintiff. To rebut that evidence the testimony complained of was offered. It was legitimate evidence against Pitass and Slisz.

When the court charged the jury no request was made of it to limit the evidence complained of to the two defendants.

In *Brown* v. *Allen & Oliver* (4 Esp. N. P. 158) Lord ELLENBOROUGH said that the damages could not be severed and give more against one defendant than the other, and it was proper for the jury to " give their verdict against both to the amount which they thought the most culpable of the defendants ought to pay." This case was decided in 1802.

*O'Shea* v. *Kirker* (4 Bosw. 120) was an action of libel against two defendants, and it was referred to a referee. He found that one of the defendants injured the plaintiff to the amount of $150, and that the other injured the plaintiff to the amount of $600, and it was held by the court that the plaintiff " may enter judgment against both defendants, jointly, for the larger sum." It was further held, viz.: " The judgment may be so entered, notwithstanding the referee decides that the plaintiff recover against the one defendant $150 and against the other $600 damages. When several persons are made defendants in an action of tort, in which it is alleged and proved that they jointly did the wrong complained of, each is as absolutely liable to the plaintiff for the whole damage as the other."

In *Lee* v. *McLaughlin* (4 N. Y. Supp. 742) it was said that the plaintiff is entitled to enter judgment " against all of the defendants found liable for the largest sum found against any one."

It seems that the exceptions do not require us to disturb the verdict in this case. During the trial the plaintiff, in effect, asked to be permitted to discontinue the action as against Smeja.

*Holley* v. *Mix & Clute* (3 Wend. 351) was an action for false imprisonment against Mix and Clute. The jury found for the plaintiff and assessed the damages against Clute at six cents and against Mix at twenty-five dollars; the case was removed into the Supreme Court on a bill of exceptions, and near the close of the opinion SAVAGE, Ch. J., said: "And as there can be but one assessment of damages, the plaintiff is permitted to enter a *nolle prosequi* against Clute and perfect judgment against Mix. This practice is justified by the cases cited (1 Saund. 207, n. *a*), and the reason there

given seems to be sound; that, as this action is several as well as joint, and as the plaintiff might originally have commenced his action against one only, so, after verdict, he may elect to take his damages against either of them; and, where several damages are given, the plaintiff may cure the irregularity by entering a *nolle prosequi* against all but one, and take judgment against him alone." The motion for a new trial was denied, and leave was given to the plaintiff to enter a *nolle prosequi* against Clute.

If we were of the opinion that there was error as to the defendant Smeja, and considering the fact that the plaintiff offered to discontinue as to him, we might order a reversal of the judgment as to Smeja and affirm the judgment as to the other two defendants. My own inclination is to affirm as to the three defendants.

(3) There seems to be no occasion to interfere with the amount of damages awarded by the jury. (*Scott* v. *Sun Printing & Pub. Assn.*, 74 Hun, 284; *Bergmann* v. *Jones*, 94 N. Y. 51.)

Judgment and order affirmed, with costs.

All concurred, except FOLLETT, J., dissenting.

FOLLETT, J. (dissenting):

It was held on the trial that the article complained of referred to the plaintiff in his professional capacity, and was libellous *per se.* As I read the article, the only expression that can be construed to refer to the plaintiff in his professional capacity is, "Can we trust the health of ourselves and our families to the care of such a man as Dr. Krug, who hates us in such a manner that he would drown each of us in a spoonful of water?" This court, by affirming the judgment, holds that this expression is defamatory of the plaintiff in his professional capacity. This being so, the article was libellous on its face, and the question of malice, as affecting the right to recover compensatory damages, was not an issue. It is a general rule, applicable to actions for libel, that, in case the jury find that the article was published by reason of the ill-will of the defendant towards the plaintiff, exemplary damages may be recovered, but exemplary damages cannot be recovered of the defendant because of his general hatred of the plaintiff, but only for the ill-will connected with the publication. In case the proprietor of a newspaper should publish an article libelling A., it could not be shown for the

purpose of enhancing the damages that the plaintiff and defendant had not spoken for years. The plaintiff is entitled to recover compensatory damages for the particular article complained of, and the defendant is liable for exemplary damages for the particular malice, if any, that prompted that article. The defendant cannot be made to pay damages because of his general dislike of the plaintiff, which is not actionable, and for which damages cannot be recovered. (*Howard* v. *Sexton*, 4 N. Y. 157; *Bush* v. *Prosser*, 11 id. 347.)

In the case at bar the plaintiff was allowed to show that in February, 1890, four years before the publication of the article complained of, the defendant Pitass made disparaging remarks in respect to the plaintiff, and also that, about 1891, he made like remarks in respect to the plaintiff. Had the existence of malice been an issue in the case, it might have been competent as against Pitass to have received the evidence of his general ill-will towards the plaintiff, and then, if the jury had been instructed that they could not assess damages because of the general ill-will of the defendant towards the plaintiff, but that the evidence of general ill-will was received for the purpose of allowing the jury to infer that the defendant's conduct complained of was prompted by ill-will, no error would have been committed. The defendants Slisz and Smeja were not connected with these expressions of Pitass, made five years before the article complained of, and the jury should have been instructed that it was no evidence of malice as against them. It seems to me that the jury has been allowed to assess punitive damages as against Pitass for his supposed general ill-will towards the plaintiff, which was error, and also against the other two defendants, which was also error.

Again, I know of no authority supporting the position that, in an action against several defendants to recover damages for an article libellous *per se*, punitive damages may be assessed against all for the ill-will of one of the defendants towards the plaintiff. The furthest which any case has gone is to hold that, in addition to compensatory damages, all the defendants may be punished in damages for the particular malice of one of the defendants which prompted the wrong complained of, but this is an extreme doctrine.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

Judgment and order affirmed, with costs.