### HANLEY v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Appellate Division, Second Department.    June 29, 1908.)

1. CARRIERS—CARRIAGE OF PASSENGERS—DUTY TO AVOID COLLISION.

A street car company owes to its passengers the duty to exercise ordinary care to avoid collisions with vehicles, and the fact that the driver of a truck which collides with a car is himself negligent does not relieve the company of the charge of negligence.

2. TRIAL—INSTRUCTION—REFUSAL OF REQUESTS—REQUESTS EMBRACED IN CHARGE GIVEN.

It is not error to refuse a requested instruction embraced in a charge already given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 651–659.]

3. SAME.

It is not error to refuse to charge that the court's refusal to dismiss is not an intimation of the court upon the facts of the case.

4. SAME—VERDICT—CORRECTION BY JURY.

In an action against a street railroad company and the owner of a truck for injuries where a verdict of $500 against each defendant was returned, the court properly had the jury correct it by returning it against the defendants jointly for the full amount of the plaintiff's damage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 791–794.]

Appeal from Trial Term, Queens County.

Personal injury action by Philip Hanley against the Brooklyn Heights Railroad Company and another.    Judgment for plaintiff, and the railroad company appeals.    Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.

Burt L. Rich (Bayard H. Ames and Walter Henry Wood, on the brief), for respondent.

GAYNOR, J. The car in which the plaintiff was hurt was passing a truck which was going in the same direction to its right on the Brooklyn Bridge. The evidence shows that the front of the car cleared the rear left hand corner of the platform or floor of the truck by about one inch, and that the said corner caught the third upright stanchion of the car and ripped it and all the succeeding ones out, the car being an open one. The verdict was against both the railroad company and the owner of the truck. The latter has not appealed. That the driver of the truck was found negligent does not relieve the appellant of the charge of negligence. It owes the duty to its passengers of reasonable care to avoid collision with even negligent drivers. While the request of counsel for the appellant to charge "that there was no obligation on the part of this motorman to stop the car until the danger became apparent" was in itself correct, it was not error to refuse to charge it, for it was only a detail embraced in what the court had fully charged. A trial judge is not required to charge such repetitious requests. Nor was the court required to charge as requested that the refusal of the court to dismiss "is not an intimation of the court upon the facts of the case." Such crudities should not be presented by counsel. It was the duty of the trial judge to have the jury correct their verdict of $500 against each defendant, as he did, by instructing them that the verdict must be against the defendants jointly for the amount of the plaintiff's damage, which they found to be $1,000.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.