HARRY L. ANDERSON, Plaintiff, *v.* REUBEN W. WRIGHT, Defendant.

Supreme Court, Chautauqua County, September 28, 1928.

**Bills and notes — accommodation makers — contribution — note was payable to defendant — defendant released plaintiff, one of accommodation makers — defendant had judgment against other accommodation makers — action was brought by one accommodation maker against plaintiff and judgment rendered for plaintiff's share — judgment has not been paid — plaintiff cannot hold defendant liable.**

The plaintiff and several others signed certain promissory notes as accommodation makers. The notes were payable to the defendant. Thereafter the defendant personally relieved the plaintiff from obligation on the notes. The defendant then commenced an action against the accommodation makers, including the plaintiff, but stipulated to discontinue the action as against the plaintiff, and the action proceeded to trial and a judgment was rendered against the other accommodation makers for the amount due on the notes. Apparently only three of the accommodation makers were within the jurisdiction or solvent. One of those commenced an action against the plaintiff for contribution and recovered a judgment for one-third of the amount due on the judgment in favor of the defendant. The plaintiff has not paid that judgment and did not call upon the defendant to defend that action. The present action is to compel the defendant to save the plaintiff harmless and is based upon the agreement whereby the defendant released the plaintiff from obligation on the notes.

The agreement entered into between the plaintiff and the defendant could not and did not release plaintiff from liability to his comakers nor did it specifically provide that the defendant would protect the plaintiff from any loss arising by reason of the fact that the plaintiff might be compelled to contribute his share toward the payment of the notes. The only effect of the release was to release the plaintiff from his liability to the defendant, personally.

Furthermore, the plaintiff has not paid the judgment rendered against him for contribution, and, therefore, has not suffered any loss, and hence this action is prematurely brought. If the plaintiff does pay that judgment, he is not barred from commencing a new action.

MOTION to dismiss complaint.

*Royal M. Bates,* for the plaintiff.

*Palmer & Rowe* [*Nelson J. Palmer* of counsel], for the defendant.

NOONAN, J. On the trial of this action in May, 1928, after the plaintiff had rested, defendant moved for a nonsuit on the ground that the plaintiff had failed to establish a cause of action against the defendant, and called attention to the fact that the plaintiff had not paid the judgment against him and, consequently, had suffered no loss. The court then reserved decision upon the motion, and the defendant rested and again moved for judgment in favor of the defendant of no cause of action and for a direction

of a verdict upon the same grounds. Decision was reserved upon these motions until briefs could be filed, and they are now up for disposition.

There is no substantial dispute as to the facts. On or about May 31, 1918, the Union Mutual Oil Company, a foreign corporation, and Roy Cole, Franklin D. Newberry, Samuel Saxe, A. C. Buell, B. J. Berwald, David E. Leslie and Harry L. Anderson, the plaintiff herein, for a valuable consideration, executed and delivered to Reuben W. Wright, the defendant herein, two promissory notes, in writing, for $7,500 each, which they jointly and severally promised to pay on demand. It is claimed that all the individuals were accommodation makers. On or about the 30th of June, 1923, there remained due and unpaid to said Wright, on one note, the sum of $1,505.22, with interest thereon from May 14, 1923, and on the other note, $2,884.25, with interest thereon from May 14, 1923. In September, 1920, the defendant, wishing to purchase some of the stock of said oil company from the plaintiff, sent William J. Gilberds to the plaintiff herein, who delivered to said Gilberds for defendant 5,500 shares of the stock of said oil company and received from said Gilberds the following:

" JAMESTOWN, N. Y., 9 /7 1920.

" Received from H. L. Anderson 5,500 shares Union Mutual Oil Co. stock to be sold at 16 cents net to me and not to be sold unless R. W. Wright signs agreement relieving me of liability on all notes signed or endorsed by me.

" W. J. GILBERDS."

On or about October 6, 1920, the said 5,500 shares of oil stock were delivered to the defendant herein, who paid to the plaintiff therefor the sum of $962.50 or seventeen and one-half cents per share, and at the same time there was executed between the parties the following agreement:

" DUNKIRK, N. Y. 10 /6 /20.

" For good and valuable consideration I hereby sell and assign to R. W. Wright 5,500 shares Union Mutual Oil Co. stock for the sum of nine hundred sixty-two and 50 /100 dollars with the understanding that he release me of liability on one note of $1,000 at Farmers and Mechanics Bank, Jamestown; one note at Merchants Bank, Dunkirk, and one at Lake Shore National Bank each of about $6,000, demand notes, my endorsement to continue on the notes if necessary without liability.

" R. W. WRIGHT,
" HARRY L. ANDERSON.

" W. J. GILBERDS, Witness."

Thus the plaintiff was relieved of liability on *three* notes, none corresponding on their face with the oil company notes, but there is no dispute that two of them were the oil company notes upon which the defendant herein afterwards obtained judgment against the other comakers. There is no evidence to show that plaintiff signed or indorsed any notes after the execution of said agreement.

In June, 1923, said Wright, the defendant herein, brought suit against the makers of said notes, and the summons was served on Newberry, Saxe, Leslie, Berwald and Anderson, the plaintiff herein. The other makers were not served because they were either dead or out of the State. Newberry and Saxe did not appear in said action, but Anderson, Leslie and Berwald appeared and answered, and Anderson pleaded the foregoing contract of release as a defense, and when the action came on for trial in June, 1924, a stipulation was entered into in open court between Anderson and Wright, whereby the action was discontinued as to Anderson without costs, and then the action proceeded to trial and a judgment was entered against the remaining defendants who were served, namely, Newberry, Saxe, Leslie and Berwald, for $4,657.23 damages and $151.55 costs, amounting in all to $4,808.78. Thereafter, and on or about June 24, 1924, said Wright, at the request of said Leslie, sold and assigned said judgment to one Clara E. Lagerdahl for the sum of $4,836.03, which was the amount due and unpaid on said judgment at the time of its assignment.

In August, 1925, said Leslie began an action against the plaintiff herein to compel him to pay his share of the said judgment obtained by said Wright. In his complaint he alleged that said Saxe had contributed $1,000 towards a settlement of his share of the judgment. On the trial of this action, in the Equity Term of Chautauqua county in April, 1927, it was found that of the original accommodation makers of said notes, Buell was dead, Newberry was a bankrupt, and that Cole and Berwald were non-residents and not subject to the jurisdiction of the court. It was also determined that the judgment obtained by Wright then amounted, with interest, to $5,642.30, and that said Anderson's one-third share thereof was $1,880.76, and judgment was thereupon entered against said Anderson for $1,880.76 damages and $127.42 costs, a total of $2,008.18. This was the correct practice. Leslie properly brought his action for contribution only against those within the jurisdiction of the court and supposed to be solvent financially. (13 C. J. 834, § 30, and cases cited.) The defendant herein was not notified of this action and was not called upon to defend the same.

In April, 1927, Anderson began this action against the defendant

herein to recover the amount of the judgment taken against him by said Leslie, claiming that the defendant herein was bound to protect him from loss under the terms of the agreement between them of October 6, 1920. It was shown upon the trial that the plaintiff herein had not paid said judgment, nor any part thereof, to Leslie, and furthermore, that he was insolvent. With these undisputed facts, we are confronted with two questions: (1) Did said agreement of October 6, 1920, release plaintiff herein from his liability for contribution to the comakers of the note or was it simply a release of his liability to the defendant herein on said notes; and (2) has the plaintiff a right to recover herein when he has not paid the judgment upon which he is suing?

The conduct of the plaintiff, after he had been sued by Leslie, has an important bearing upon his own practical construction of the contract (*Carthage T. P. Mills* v. *Village of Carthage,* 200 N. Y. 1; *Morehouse* v. *Woodruff,* 218 id. 494, 503) which the court may consider. During the time, about twenty months, that elapsed between the beginning and the trial of the Leslie action, the plaintiff did not claim that the defendant was under any obligation to protect him against the claim of a comaker of the notes.

Of course no contract between the parties could release the plaintiff from his liability to third parties, the comakers on the notes, but it could have specifically provided to protect him against such loss, but this was not done, and there is no evidence from which the court may imply that such protection was contemplated by the parties to the contract. Furthermore, the plaintiff was released from liability on *three* notes, while there were only two made by the oil company and comakers. Upon the facts in the case I am of the opinion that the agreement operated only to release the plaintiff from his liability to the defendant personally on the notes mentioned and did not release him from liability for contribution to the comakers of said notes, and that said contract did not bind the defendant herein to save the plaintiff harmless from such liability.

The said contract is, in effect, one of indemnity, that is, one against loss or damage, and the plaintiff cannot recover damages until he has suffered loss by paying the judgment obtained against him. (31 C. J. 439, 440, §§ 35, 36; *Moloney* v. *Nelson,* 70 Hun, 202; affd., 144 N. Y. 182; *Brown* v. *Mechanics & Traders' Bank,* 43 App. Div. 173.) If the plaintiff later pays the judgment he is not barred from bringing a new action. (*Moloney* v. *Nelson,* 158 N. Y. 351.)

If the decision herein depended solely upon the non-payment of the judgment against the plaintiff, a judgment of nonsuit

would be proper, but as I have decided that the contract between the parties does not take care of plaintiff's liability as a comaker of the notes, the defendant is entitled to a judgment dismissing the complaint herein on the merits, with costs, and findings and judgment may be prepared accordingly.