Isidor Wasservogel, Spec. Ref.
Plaintiffs and defendant Morgan seek to resolve the issue raised by an affirmative defense *42 of satisfaction and discharge of a judgment set forth in a supplemental answer filed by said defendant by leave of the court pursuant to motion therefor. The sole question before this court is whether a payment to the clerk of the court by one tort-feasor of a money judgment against him acts as a satisfaction of judgment against Ms co-tort-feasor.
The material facts are not in dispute. Plaintiffs sued the defendant Morgan, as owner of certain real property, and the defendant Bosenblum, as lessee thereof, to recover damages for personal injuries. Upon the trial of the action, the complaint was dismissed upon motion as to Morgan and a jury found a verdict against Bosenblum for $1,800. Plaintiffs appealed to the Appellate Division, urging as grounds for reversal the dismissal of the complaint against Morgan and the inadequacy of the verdict against Bosenblum. The determination of the Trial Term was affirmed (283 App. Div. 1037). The Court of Appeals, however, affirmed the judgment against Rosenblum but held that the trial court’s dismissal of the complaint as to Morgan was error and a new trial was granted plaintiffs against said defendant (308 N. Y. 526).
Thereafter, defendant Bosenblum, pursuant to subdivision 4 of section 530 of the Civil Practice Act, deposited with the clerk of this court the amount of the judgment against her, whereupon the defendant Morgan, as a conceded joint tortfeasor, set up such payment and satisfaction of the judgment against Bosenblum as an affirmative defense in bar of any further prosecution of the negligence action against her. Plaintiffs then moved to dismiss this defense as sham, frivolous and insufficient in law. The motion was granted by a Justice of this court, but his decision was subsequently reversed by the Appellate Division (1 A D 2d 646). The parties now before this court then stipulated to have determined the issue raised by this affirmative defense, and such issue was referred to this court for trial.
The provision for satisfaction of a judgment by payment to the clerk of the court is set forth in subdivision 4 of section 530 of the Civil Practice Act, which provides, in part, as follows: “ In the absence of a satisfaction-piece under any of the foregoing provisions of this section, the docket of a judgment must be cancelled, satisfied and discharged, by the clerk in whose office the judgment-roll is filed, at any time, if the judgment debtor or his legal representatives or any other person shall deposit with such clerk a sum of money equal to the amount of the judgment ”. (Emphasis added.)
*43 Despite this provision of the Civil Practice Act, plaintiffs contend that section 232 of the Debtor and Creditor Law preserves their rights as claimants against an obligor who was not a party to the proceedings wherein a judgment was rendered and subsequently satisfied. This section provides: “A judgment against one or more of several obligors, or against one or more of joint, or of joint and several obligors shall not discharge a co-obligor who was not a party to the proceeding wherein the judgment was rendered.”
Although the section of the Debtor and Creditor Law relied upon by plaintiffs may be relevant and applicable to the instant issue before this court, in view of the prior decision of the Appellate Division determining the validity of Morgan’s affirmative defense, this court is bound thereby and must determine such issue accordingly. The Appellate Division in its decision stated (1 A D 2d 646, 647): “ When the Court of Appeals affirmed the $1,800 judgment against defendant Bosenblum and ordered a new trial against defendant Morgan, it did not mean, as plaintiff claims, that the new trial could proceed if the $1,800 judgment was satisfied.” (Emphasis added.)
Thus, in the absence of any claim and/or proof of fraud or collusion between the joint tort-feasors in the making of the $1,800 payment to the clerk of the court, and in view of the decision of the Appellate Division binding upon this court, I am constrained to hold that such payment by Bosenblum and the satisfaction of the judgment against her pursuant to subdivision 4 of section 530 of the Civil Practice Act constitute a complete satisfaction of and bar to plaintiff’s cause of action against Morgan.
Judgment is rendered for defendant.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.