Paul J. Yesawich, Jr., J.
Defendant has moved for leave' to serve an amended answer so as to assert a cross claim against the plaintiff Eunice R. Meade for the apportionment of any recovery which may be obtained against defendant by plaintiff’s infant son, Russell Meade.
This action, which presently is No. 98 on the Trial Term Calendar of the Broome County Supreme Court, arises out of a two-car collision which occurred on August 17, 1964 when vehicles owned and operated by the plaintiff Eunice R. Meade and defendant John E. Roberts collided at an intersection. As a result of that collision, plaintiff Eunice R. Meade as well as her infant son, who was a passenger in her vehicle, were allegedly injured. Thereafter, Eunice R. Meade commenced an action, as parent, to recover damages for the infant’s personal injuries, and on her derivative claim. By the other two causes of action in the complaint she seeks to recover for her own personal injuries and for property damage to her vehicle.
This motion is prompted by reason of the new concept of shared responsibility evolved in Dole v. Dow Chem. Co. (30 N Y 2d 143), and although designated as a cross claim this application will be considered as seeking leave to amend to assert a counterclaim (CPLR 3019, subd. [a]; De Lucia v. Bundock, N. Y. L. J., July 19,1972, p. 13, col. 4; Yarish v. Dowling, 70 Misc 2d 467; Sorrentino v. United States of Amer., 344 F. Supp. 1308).
The accident having occurred neárly eight years ago, counsel for the liability insurance carrier representing Eunice R. Meade urge that it would be unduly prejudicial to permit defendant to amend its answer at this time. The issue of whether, under the circumstances, the Statute of Limitations would constitute an affirmative defense is not presented here (see Jenkins v. L. F. Elec. Installations Corp., N. Y. L. J., July 6, 1972, p. 2, col. 4; Sanchez v. Hertz Rental Corp., 70 Misc 2d 449).
It is claimed that when this accident occurred the carrier had made only a preliminary investigation of the occurrence because it had no obligation in connection with Eunice Meade’s bodily injury claim, and, being prior' to Gelbman v. Gelbman (23 N Y 2d 434), no obligation to her unemancipated infant son. As a result, the carrier has no photographs of the accident, or of the vehicles involved, nor does it have signed statements or interviews from the drivers or from any of the five passengers in the two vehicles. In addition it has no physical examination of the plaintiff, Russell Meade.
*122 The prejudice occasioned by the absence of these items can be lessened by requiring that defendant, as a condition to the granting of this application, make copies of its photographs of the scene and the vehicles, as well as copies of reports of its medical examination of the infant plaintiff, if any, available to the plaintiff’s carrier. Further, Eunice R. Meade upon becoming a party defendant in the action would be entitled to obtain a physical examination of the plaintiff, Russell Meade, pursuant to CPLR 3121 (subd. [a]). The absence of statements from the drivers creates no undue prejudice, since transcripts of the examinations before trial of the parties involved have already been made available to the carrier for Eunice R. Meade and there is no reason to assume that she will not further co-operate with her own carrier. As to the claim that the carrier does not have any signed statements or interviews from any of the passengers, it does not appear that those statements are unobtainable or that those persons are unavailable to be interviewed. Further, if the carrier’s efforts to obtain such statements or interviews prove futile then disclosure of copies of such statements or interviews, if any, obtained by any party to this proceeding would appear to be obtainable under CPLR 3101 (subd. [a], par. [4]), and CPLR 3101 (subd. [d], par [2]).
The plaintiff’s carrier unquestionably will be prejudiced to some degree by the granting of this motion. However, the degree of that prejudice must be weighed against the degree of harm defendant would suffer if the pre-Dole rule, which was recognized by the Court of Appeals to be manifestly unjust, is permitted to be applied. The Dole decision was intended to be remedial in nature and is applicable retrospectively. (Kelly v. Long Is. Light Co., 31 N Y 2d 25; cf. Welborn v. De Leonardis, N. Y. L. J., July 6, 1972, p. 2, col. 4.) To deny defendant’s motion would defeat the purpose of the Dole decision and would work a greater injustice than would be occasioned by granting the motion.
Accordingly defendant’s motion to amend the answer to assert a counterclaim is granted, upon condition that the defendant make available to plaintiff’s carrier, for copying, (a) such photographs as defendant or his carrier may have in their possession or under their control of the scene of the accident and of the vehicles involved, and (b) such reports as defendant’s carrier may have in its possession or under its control of medical examinations conducted of the plaintiff, Russell Meade. The amended answer and counterclaim shall be served and filed within 10 days after service of the order herein.