P. Raymond Sibignano, J.
This is a motion by the defendants Fesko and 3M Business Products Sales, Inc., for contribution pursuant to CPLR 1401. Defendant Caggiano cross-moves for apportionment of liability under the principles of Dole v. Dow Chem. Co. (30 N Y 2d 143) and its progeny (Kelly v. Long Is. Light Co., 31 N Y 2d 25). The question presented to the court is whether, after a post-Dow trial and appeal, apportionment may be had based upon respective fault where that issue was not expressly presented in the prior proceedings.
Before determining the motions, a recital of the salient facts is essential: On May 22, 1968 the plaintiff, a pedestrian, was injured when a motor vehicle owned by 3M Business Products *615 Sales, Inc. and operated by its employee Fesko collided with an automobile owned and operated by Caggiano. In May, 1969 an action was commenced against the above three defendants for damages for personal injuries. The complaint charges the defendants with joint negligence. The answers consist of general denials.
A jury trial commenced on April 21, 1972 approximately one month after the landmark decision of Dole v. Bow Chem. (supra). The Trial Justice charged the jury on liability in the usual manner regarding joint responsibility. No exceptions or requests to charge were made in respect to that portion of the instructions. On April 27, 1972 the jury returned a verdict against all defendants in the sum of $57,500. By motion returnable May 25, 1972 defendant Caggiano moved to set aside the verdict as to him for purported error in the court’s charge and on the ground of excessiveness. The codefendants joined in the motion solely on the latter ground. By decision dated June 22, 1972 the Trial Justice denied both motions. Judgment was entered on June 28,1972 in the sum of $58,483.80 including interest and costs. Notices of appeal were filed and briefs were served by all parties in November and December, 1972. By order entered January 29, 1973 the Appellate Division affirmed without opinion (41 A D 2d 600) the judgment of this court. No further appeal has been taken and the time for such appeal has expired.
Movants allege that defendant Caggiano’s insurance coverage does not exceed $10,000 for this accident and it is uncontroverted that Caggiano’s insurer has paid plaintiff $10,000 plus one half of the accrued interest making a total payment of $12,068.12. Movants, through their insurer have paid plaintiff the balance of the judgment ($49,549.12) including interest and taxable disbursements. Movants request judgment in the amount of $18,750 which represents the sum they paid to plaintiff which they contend is in excess of their pro rata share of the judgment on a contribution basis. Defendant Caggiano in his cross motion prays for a trial to determine the relative degrees of fault and for equitable apportionment. Movants oppose the cross motion contending that Caggiano has waived his right to apportionment on a comparative negligence basis. Movants urge that Caggiano did not present this question at the trial or on appeal and he may not now relitigate the issue either at a new trial or on the original record.
It is clear that in post-Bow trials involving multiple defendants apportionment may be had even in the absence of formal pleadings for that relief (Stein v. Whitehead, 40 A D 2d 89; *616 Lipson v. Gewirtz, 70 Misc 2d 599). The current prevailing practice in this county is for the Trial Justices to confer with counsel prior to or during the trial regarding the question of an apportionment charge and it is therefore unlikely that the within situation will recur with any frequency (Note, 47 N. Y. U. L, Rev. 815, 825 [1972]; 37 Albany L. Rev. 154, 170 [1972]). However, this procedure was not utilized in the instant case. No cross claims were presented; no request for apportionment was made at the trial or on the motion to set aside the verdict and the issue was not raised on appeal. Thus, our inquiry focuses upon whether the parties impliedly waived their right to apportionment. We need not be concerned with the question of retroactivity (cf. Welborn v. De Leonardis, N. Y. L. J., July 6, 1972, p. 2 col. 4), the time to obtain apportionment has not expired (CPLR 213, subd. 1), and the apportionment principles apply to cases in the normal appellate process even where the judgment antedates Dow (Liebman v. County of Westchester, 71 Misc 2d 997, 1001, revd. on other grounds 41 A D 2d 756).
The court has not been informed whether Caggiano’s failure to request apportionment at the trial or appellate level was mere inadvertence or legal strategy. A review of the record indicates that Caggiano took the position that he was in no way responsible for the happening of the accident and the court can only surmise that his counsel made a decision not to litigate the apportionment issue which might, inferentially, weaken his no-liability contention. Be that as it may, it is clear that a party should inject Dow into the case at some point prior to final judgment to protect his rights (H. Schwab, “ Dole v. Dow Chemical Co.: A Preliminary Analysis ”, 45 N. Y. St. Bar J. 144, 151 [April, 1973]; H. Hughes, “ Dole v. Dow Chemical: Some Defense Aspects ” Journal of the Ins., Neg. Comp. Law Section of the N. Y. St. Bar Assoc., vol. 2 pp. 2L-25 [Fall, 1972]).
However, the Court of Appeals in Dow twice stated that apportionment could be pursued in a “ separate action ” (Dole v. Dow Chem. Co., 30 N Y 2d 143, 149, 153). Dean McLaughlin in a commentary in the New York Law Journal queries why a codefendant should be any worse off than a defendant who neglects to implead another (Dow involved impleader), but who subsequently sues a stranger to the litigation for apportionment (McLaughlin, New York Trial Practice, N. Y. L. J., Jan. 12, 1973, p. 1 col. 1). Professor Siegel in another commentary states (Siegel, Practice Commentary to CPLR 3019, McKinney’s Cons. Laws of N. Y., Book 7B, p. 231 [1972/73 Supp.]): “ It is doubtful that the Court of Appeals intended to afford the option *617 of a separate action when the one against whom it is to be brought was a party to the earlier litigation and bound by its verdict. The permission to wait and bring separate suit later seems to be an indulgence the Court of Appeals has tendered to a tortfeasor whose alternative was to implead, not to a tortfeasor whose alternative was to cross-claim because his alleged indemnitor was a co-defendant in the main action all the while.” Consequently, it has been said that “ the strongest case for waiver will occur when a defendant chooses not to cross-claim against a co-defendant ” (Note, 47 St. John’s L. Rev. 185, 208 [1972]). Accordingly, under the peculiar facts in the instant case the court concludes that the cross movant has waived his right to apportionment on a comparative negligence basis (cf. Henriquez v. Mission Motor Lines, 72 Misc 2d 782) and the cross motion is accordingly denied.
While there has been no defense or issue of fact raised pertaining to the motion for contribution it is to be noted that movants have submitted an attorney’s affidavit in support of their motion although better procedure requires that both the insurer and its insured should join in the motion (Harper v. Wayma, 189 Misc. 348; cf. Mosca v. Pensky, 73 Misc 2d 144, 161, revd. on other grounds 42 A D 2d 708). The fact that Caggiano lacks insurance coverage for the amount owed on a contribution theory also is not relevant (cf. Hairston v. Broadwater, 73 Misc 2d 523). There being no issue herein of 100% indemnity (Rogers v. Dorchester Assoc., 32 N Y 2d 553) and since movants constitute one class of defendants (Liebman v. County of Westchester, 71 Misc 2d 997,1008, supra), the motion for contribution is granted.